# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARISOL MALLORY,

                Plaintiff,    :    Case No. 3:13-cv-220

   -  vs  -                               Magistrate Judge Michael R. Merz

CITY OF RIVERSIDE, OHIO, et al.

                Defendants.    :

## DECISION AND ORDER

This case is before the Court on Defendants' Motion for Partial Judgment on the Pleadings (Doc. No. 15). Plaintiff has filed a Memorandum in Opposition (Doc. No. 16) and Defendants have filed a Reply Memorandum in Support (Doc. No. 17).

The parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) in their Rule 26(f) Report (Doc. No. 12) and Judge Rice has referred the case on that basis (Doc. No. 13).

**Applicable General Standard**

In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget,*

510 F.3d 577, 581 (6th Cir. 2007); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991), *citing Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289

2

> F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009),

4

*New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

A decision on a Fed. R. Civ. P. 12(b)(6) or 12(c) motion is a decision on the sufficiency of the pleadings, and not on whether a plaintiff could plead a sufficient claim. If a complaint is founded wanting on a Rule 12(c) motion, the burden is on the plaintiff to offer an amendment correcting the deficiencies, if she or he can do so consistent with Fed. R. Civ. P. 11. When a district court denies a motion to amend after granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or 12(c), the Sixth Circuit will review both the complaint and the proposed amended complaint for purposes of construing the facts. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). If a party does not file a motion to amend, it is not an abuse of discretion to dismiss with prejudice. *CNH Am. LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011).

## Analysis

The Complaint in this case purports to state six separate claims for relief. It names as Defendants the City of Riverside, Ohio; Riverside Police Chief Mark Reiss; and Riverside Police

5

Officers Harold Jones and Matthew Jackson. Reiss, Jones, and Jackson are sued in both their individual and official capacities.

The First Claim is labeled as a claim for conspiracy between Jones and Jackson to violate Plaintiff's Fourth, Fifth, and Fifteenth Amendment rights, actionable under 42 U.S.C. § 1983. The Second Claim asserts these two Defendants violated the same rights, but makes no conspiracy allegation. The Third Claim for Relief returns to the conspiracy charge, this time against undifferentiated "Defendants" and apparently intending to include the City of Riverside, claiming a conspiracy to violate Plaintiffs' rights under the Ohio Constitution. The Fourth Claim asserts violations of the same Ohio constitutional rights as the Third, but without the conspiracy allegations. The caption of the Fifth Claim speaks of a "violation" of 42 U.S.C. § 1983 and the same Ohio constitutional rights as the Third and Fourth claims. The body of the Fifth Claim, however, complains of a letter sent by Defendant Police Chief threatening Plaintiff with further criminal action in apparent response to her demand for return of her seized property. The Sixth Claim for Relief asserts "common law torts" as follows:  (1) false arrest against Jones; (2) false imprisonment against Jones; (3) trespass against Jones and Jackson; (4) slander against Jones and Jackson and John/Jane Does; (5) malicious prosecution against Jones, Jackson, and Reiss and against Riverside Mayor William Flaute; (6) libel against Reiss; (7) intentional infliction of emotional distress against Jones and Jackson.

**Individual and Official Capacity**

When a municipal official is sued in his or her official capacity, the suit is in effect one against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The fact that a

state actor was acting within the scope of his or her official duties does not make an action against him an official capacity action, however;  " the phrase "acting in their official capacities" is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." *Hafer v. Melo*, 502  U.S. 21, 26 (1991). Because the City of Riverside is a defendant, allegations against Reiss, Jones, and Jackson in their official capacities will be treated as surplusage and all claims against them in their official capacities dismissed without prejudice.

Plaintiff has adequately alleged that each of these officers acted toward her under color of law, which is necessary and sufficient to invoke the remedy of § 1983.

**Riverside Mayor William Flaute**

The body of the Complaint speaks as if Riverside Mayor William Flaute were also a defendant and makes allegations against him in various places.  Mayor Flaute is not named in the caption and has not been served with process. Defendants called this anomaly to Plaintiff's attention in their Motion (Doc. No. 15, n. 1, PageID 57), but Plaintiff has made no request to amend to name Mayor Flaute formally as a  defendant and the Court proceeds to treat him as a non-party.  Any claims purportedly made against Mayor Flaute in the body of the Complaint are ordered dismissed.

**Interpreting Incorporation by Reference**

In drafting the Complaint, Plaintiff's counsel has followed the common but confusing pattern of incorporating into every claim for relief all the prior allegations from prior claims for relief. For example, ¶ 44 of the Complaint, the first paragraph of the Sixth Claim for Relief for Common Law Torts, reads "Plaintiff re-alleges the allegations contained in paragraphs 1 through 43 as if fully restated herein." (Doc. No. 1, PageID 12.) This makes it difficult to analyze the separate claims for relief to determine if they comply with Fed. R. Civ. P. 8. If Plaintiff tenders a proposed amended complaint, it would be helpful for Plaintiff to incorporate only those prior allegations which support the particular claim for relief.

**Violations of Federal Constitutional Rights, Actionable under 42 U.S.C. § 1983**

The Complaint purports to state claims for relief for violation of Plaintiff's federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution (Complaint, Doc. No. 1, ¶2, PageID 2). Such claims are actionable, as Plaintiff pleads, under 42 U.S.C. § 1983, which was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a

> declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived her of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978). As noted above, Plaintiff has adequately alleged that Reiss, Jones, and Jackson acted toward her under color of state law.

The Complaint alleges that on July 31, 2012, Defendants Jones and Jackson entered and searched her property without a search warrant and obtained consent for a further search by threatening arrest and/or deportation of a friend of Plaintiff. It also alleges Defendants Jones and Jackson seized property of the Plaintiff or Plaintiff's son – certain chickens and roosters – without a warrant, presumably under the belief they constituted evidence of engaging in some unnamed misdemeanor involving animal fighting. (Complaint, Doc. No. 1, ¶¶ 9-21.) Despite Plaintiff's acquittal on the charge, the property was not returned, but destroyed or given to others. *Id.* ¶¶ 22-24.

9

These allegations adequately plead that Jones and Jackson violated Plaintiff's Fourth Amendment right to be free from unlawful searches and her Fourteenth Amendment right to be free from deprivation of property without due process in that she has alleged unlawful search of her property and unlawful seizure of her poultry.

Plaintiff has not sufficiently pled a violation of her Fifth Amendment privilege against self-incrimination because, as Defendants point out, no statement that she made, with or without receiving any warnings under *Miranda*, was used against her in the criminal proceeding. There is no stand-alone constitutional right to be read the *Miranda* warnings which is actionable under § 1983 if violated. Rather, the remedy is exclusion of any statements taken in violation of *Miranda* from any subsequent criminal action. As the Sixth Circuit held in *McKinley v. City of Mansfield*, 404 F.3d 418 (6th Cir. 2005):

> While the Supreme Court has devised procedural safeguards to guard against forced self-incrimination before judicial proceedings begin, see *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), and while until recently courts interpreted the Fifth Amendment to prohibit coercive questioning *ipso facto*, see *Cooper v. Dupnik*, 963 F.2d 1220, 1242-44 (9th Cir.) (*en banc*), *cert. denied*, 506 U.S. 953, 121 L. Ed. 2d 332, 113 S. Ct. 407 (1992) (sustaining a § 1983 action against police officers even though the plaintiff's coerced statements were not used at any proceeding), it is now clear that "mere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 769, 155 L. Ed. 2d 984, 123 S. Ct. 1994 (2003) (plurality opinion). It is only once compelled incriminating statements are used in a criminal proceeding, as a plurality of six justices held in *Chavez v. Martinez*, that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action. *Id*. at 769, 772-73. *See also Lingler v. Fechko*, 312 F.3d 237, 238-40 (6th Cir. 2002) (finding no Fifth Amendment violation sufficient to sustain a § 1983 action where police officer-employees who had made incriminating

>statements in compulsory interviews with superiors were never prosecuted).

*Id.* at 430-31 (footnotes omitted). Defendants' request to dismiss the Fifth Amendment claims made in the First and Second Claims for Relief is GRANTED.

**Pleading a Conspiracy**

Plaintiff has not adequately pled a conspiracy to violate her federal or state constitutional rights, claims she makes in the First and Third Claims for Relief. She argues that she has successfully pled a conspiracy because she has pled that "Jones and Jackson (two or more persons) violated" her rights (Motion in Opposition, Doc. No. 16, PageID 79). That is not sufficient.

The standard governing a § 1983 conspiracy claim is

>A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556 (6th Cir. 2011), *quoting Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (*quoting Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim

under § 1983." *Hooks, quoting Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *accord Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). That pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Plaintiff pleads that Sergeant Jones and Officer Jackson acted together in violating her rights, but a person does not adequately plead a conspiracy merely by alleging that two persons acting under color of state law acted together.  A corporation or other entity cannot conspire with its own agents or employees.  Where all defendants, allegedly co-conspirators, are members of the same collective entity, there are not two separate "people" to form a conspiracy, following *Doherty v. American Motors Corp.*, 728 F.2d 334 (6th Cir. 1984)(antitrust case).  *Hull v. Cuyahoga Valley Bd. of Ed.*, 926 F.2d 505 (6th Cir. 1991);  *Steptoe v. Savings of America*, 800 F. Supp. 1542 (N.D. Ohio 1992);  *Rennick v. Champion Int'l. Corp.,* 690 F. Supp. 603 (S.D. Ohio 1987);  *Kerans v. Porter Paint Co., Inc*., 656 F. Supp. 267 (S.D. Ohio 1987), *aff''d,* 866 F.2d 431 (6th Cir. 1989);  *Givan v. Greyhound Lines, Inc*., 616 F. Supp. 1223 (S.D. Ohio 1985).

If applied too broadly, the intra-entity conspiracy doctrine could immunize all private conspiracies from redress where the actors were coincidentally happen to work in the same place. An exception exists when the challenged activity takes place outside the scope of employment. *Johnson v. Hills & Dales General Hosp.,* 40 F.3d 837 (6th Cir. 1994). Certainly it can be the case that two police officers conspire to violate another person's constitutional rights, but alleging that they acted together is not sufficient.  Plaintiff has not alleged Jones and Jackson had any unlawful purpose, e.g., to seize her poultry for their own use or profit.  She has not pled that their acting together had some object other than carrying out their duties as police officers.

Defendants' request to dismiss the conspiracy allegations is GRANTED.  The Court would of course entertain a proposed amended complaint alleging that Defendants acted together

with some unlawful purpose other than carrying out their duties, if Plaintiff can make such an allegations consistent with Fed. R. Civ. P. 11.

**Municipal Liability**

Defendants assert Plaintiff has not adequately pled a claim for municipal liability under § 1983.

Municipalities and other bodies of local government are "persons" within the meaning of § 1983 and may therefore be sued directly if they are alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). "To establish that a local government is liable under § 1983, a plaintiff must show that (1) the local government had an official policy, custom, or practice that (2) deprived the plaintiff of his federal rights." *Fields v. Henry Cty*., 701 F.3d 180, 183 (6th Cir. 2012), *citing Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 777 (6th Cir. 2012). For an act pursuant to custom to subject a municipality to liability, the custom must be so widespread, permanent, and well settled as to have the force of law. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404 (1997); *Doe v. Claiborne County, Tenn*., 103 F.3d 495, 507-08 (6th Cir. 1996).

To recover, a plaintiff must identify the policy, connect the policy to the political subdivision itself, and show that the particular injury was incurred because of the execution of that policy. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 405 (1997); *Garner v. Memphis Police Dept*., 8 F.3d 358, 364 (6th Cir. 1993). There must be a direct

causal link between the policy and the alleged constitutional violation such that the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), *citing Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001); *citing Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404 (1997).

In neither the First nor the Second Claim for Relief does Plaintiff allege with any specificity that there is any policy, custom or practice of the City of Riverside which in itself deprived her of her constitutional rights. Obviously, individual police officers such as Jones and Jackson do not qualify as policymakers for the City of Riverside for § 1983 purposes. Compare *Owen v. City of Independence,* 445 U.S. 622 (1980); *Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986). Chief Reiss might qualify for that role, but Plaintiff does not allege any personal involvement by him in the acts of Jones and Jackson. Her allegations are completely conclusory on this point. All she says in her Memorandum in Opposition is "[c]learly, the policy of lack of policy [sic] to obtain a search warrant, illegally detain citizens, threaten citizens and ultimately kill their pets is a prima facie showing of a policy or lack thereof in the training, customs, and/or practices of the Riverside Police Department which clearly resulted in injury." (Doc. No. 16, PageID 80.) However, the allegation that particular police officers violated a person's rights is not the same as an allegation that they did so pursuant to policy or custom. Defendants are entitled to judgment on the pleadings on Plaintiff's "policy or custom" claim.

Defendants also argue that Plaintiff has insufficiently pled a claim for relief for failure to train and supervise (Motion, Doc. No. 15, PageID 65). Plaintiff makes no response. Defendants are correct that Plaintiff can recover under § 1983 for a failure to train or supervise only if she can show that Defendant Riverside or Chief Reiss acted with deliberate indifferent to her rights.

To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or caused the injury. *Ellis v. Cleveland Municipal School District*, 455 F.3d 690 (6th Cir. 2006), *citing Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992). A systematic failure to train police officers adequately is a custom or policy which can lead to municipal liability. *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006), *citing City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "The inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008), *quoting Canton v. Harris,* 489 U.S. 378, 388 (1989). To establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Miller v. Sanilac County*, 606 F.3d 240 (6th Cir. 2010), *quoting Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005).  At this point, Plaintiff has not even alleged deliberate indifference, and Defendants are entitled to judgment on the pleadings on Plaintiff's lack of training and supervision claim.

**Abuse of Power Claim**

Plaintiff's Fifth Claim for Relief is that Defendant Chief of Police Reiss abused his power by threatening Plaintiff in a letter dated September 14, 2012, with additional criminal charges unless the Plaintiff would "leave the matter expire." (Complaint, Doc. No. 1, ¶ 40, PageID 11.)

This was allegedly in response to letters written on behalf of the Plaintiff "demanding the return of the Plaintiff's pet roosters and chickens. . . ." *Id.* ¶ 38. Plaintiff claims this was a form of extortion. *Id.* ¶ 39.

Ohio Revised Code § 2905.12 provides that it is a criminal offense against the law of Ohio to threaten a person with criminal prosecution in order to coerce them to take or refrain from taking an action as to which the threatened person has legal freedom of choice. The Complaint does not say what action it is that Plaintiff believes she had legal freedom to engage in which Chief Reiss's letter attempted to coerce her from engaging in by threat of criminal prosecution.

Even assuming Plaintiff could amend by stating clearly what action the Chief was attempting to coerce, she would not have pled a claim under § 1983. Not every violation of state statute constitutes a violation of the United States Constitution. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

**Ohio Constitutional Claims**

Plaintiff's Third and Fourth Claims for Relief purport to state claims under the Ohio Constitution.  Defendants assert Ohio law does not recognize a private cause of action for such violations, *citing Provens v. Stark Cty. Bd of Mental Retardation & Developmental Disabilities*, 64 Ohio St. 3d 252 (1992).  Plaintiff makes no response.  Defendants are accordingly granted judgment on the pleadings on the Third and Fourth Claims for Relief.

**Common Law Torts**

In her Sixth Claim for Relief, Plaintiff asserts (1) Defendants Jones and Jackson falsely arrested her, falsely imprisoned her, and committed acts which constitute the common law tort of trespass and slander, (2) Defendants Jones, Jackson, and Reiss maliciously prosecuted her, (3) Defendant Reiss libeled her, (4) Defendants Jones and Jackson intentionally inflicted emotional distress on her, and (5) taken together, these common law torts deprive her of her constitutional rights of privacy, due process, and equal protection.  As pointed out by Defendants, none of these allegations on their face is sufficient to allege the essential elements of any one of these torts under Ohio law or to allege violation of a federal constitutional right.  Plaintiff makes no response.  The Sixth Claim for Relief is a textbook example of conclusory pleading of the sort found wanting in *Twombly* and *Iqbal, supra.*  Defendants are granted judgment on the pleadings on Plaintiff's Sixth Claim for Relief.

**Conclusion**

Defendants' Motion is granted as set forth above. To the extent Plaintiff believes any of the pleading deficiencies found here can be cured by amendment, she must file a motion for leave to amend forthwith. The Court notes that the Scheduling Order in this case set a deadline for motions to amend of November 1, 2013. Therefore any such motion now made must show good cause for the delay.

November 25, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge